IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARVIN WADDLETON, III, | § | |
| | § | |
| v. | § | C.A. NO. C-10-267 |
| | § | |
| NORRIS JACKSON, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS ACTION

This civil rights action was filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's pro se complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, it is respectfully recommended that plaintiff's claims against defendants challenging the use of strip and cavity searches be dismissed for failure to state a claim or as frivolous pursuant to 28 U.S.C. § 1915(e)(2) (B) and § 1915A(b) (1).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the Smith County Jail on a bench warrant, although his complaint concerns events that occurred while he was at the McConnell Unit in Beeville, Texas. He filed his original complaint on August 9, 2010, and named the following individuals as defendants: (1) Warden Norris Jackson; (2) Major A. Ambriz; (3) Sergeant Soto; (4) Captain Kempt; (5) Lieutenant K. Garza; (6) V.L. Brisher; and (7) Barbara Trevino. (D.E. 1).

A Spears[1] hearing was held on November 3, 2010. The following

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (testimony given at a Spears hearing is incorporated into the pleadings).

allegations were made in plaintiff's original complaint, or at the hearing:

On June 13, 2008, plaintiff was in the chow hall when an altercation occurred outside. The chow hall was secured and closed with plaintiff and other inmates inside until the altercation was over. Thereafter, Warden Jackson told Major Barber to order Captain Castro and Sergeant Ortiz to pull out the prisoners held in the chow hall in groups of ten for a strip and cavity search. Officer Rider, a male, began executing the order. The strip and cavity searches were conducted in the main traffic area immediately outside of the chow hall and adjacent to the Officer's Dining Room. At the time Sergeant Rider conducted the search of plaintiff, Sergeant S. Zamora, a female officer, was in the area; female commissary workers, including P. Trevino and R. Ramirez, were approximately five feet away; and another female officer was controlling traffic to the Officer's Dining Room. There was no exigent circumstances, and neither plaintiff nor any of the other offenders searched had been involved in the altercation that occurred outside of the chow hall earlier.

Plaintiff filed a grievance challenging the June 2008 strip search. On August 11, 2008, defendant V.L. Brisher, an assistant administrator, denied his Step 2 grievance concerning the June 2008 strip search. Id. at 7-8.

On April 15, 2009, plaintiff and other inmates were heading back from the

recreation yard, when Major Ambriz and Sergeant J. Soto ordered a strip and cavity search. At the time, a sergeant was conducting a tour for new correctional officers, both male and female. Although a male officer conducted the search, plaintiff was forced to remove his boxers and submit to a search with four or five females in close range. Again, there was no emergency or obvious need for the search.

Plaintiff filed a grievance challenging the April 15, 2009 search. On June 22, 2009, defendant Barbara Trevino, a Region IV Assistant Director, denied the grievance, concluding that "[s]trip searches are an unpleasant task for staff and offenders alike, however they will continue to ensure a safe living environment. No action from this office will be taken." Id. at 10.

On April 26, 2009, as plaintiff was exiting the gym after a church service, Captain Kempt and Lieutenant K. Garza ordered a strip and cavity search. Again, the search was conducted in a high traffic area with females in close proximity. Plaintiff challenged the strip search in a grievance, and on July 14, 2009, defendant Trevino denied his Step 2 grievance as a necessary task to ensure a safe environment. Id. at 12.

Plaintiff is suing Warden Jackson, Major Ambriz, Sergeant Soto, Captain Kempt, and Lieutenant K. Garza for ordering the strip and cavity searches. He is

suing V.L. Brisher and Barbara Trevino for denying his grievances and failing to stop the strip searches.

### III.  DISCUSSION

**A.  Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2). It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.  Plaintiff's Claims Are Without Merit.**

Plaintiff asserts that the random strip searches, conducted in the presence of members of the opposite sex and with no apparent exigent circumstances, violate

his Fourth Amendment right to be free from unreasonable searches, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment right to due process.

### 1. The Fourth Amendment does not provide a claim for plaintiff.

The Fifth Circuit recognizes that "[p]risoners retain, at best, a very minimal Fourth Amendment interest in privacy after incarceration." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002). This is because the prisoner's rights are "diminished by the needs and exigencies of the institution in which he is incarcerated." Moore v. Carwell, 168 F.3d 234, 236 (1999) (citation omitted). The inmate's Fourth Amendment rights must be balanced against the institution's legitimate penological concerns. Id. at 237.

It is well settled that a strip search or visual body cavity search of a prisoner, which includes the exposure of body cavities for visual inspection, is not *per se* unreasonable under the Fourth Amendment, and such searches need not be supported by probable cause. Elliott v. Lynn, 38 F.3d 188, 191 (5th Cir. 1994) (citing Bell v. Wolfish, 441 U.S. 520, 558 (1979)). The Fifth Circuit has acknowledged that a strip search of a male prisoner by a female guard in the absence of exigent circumstances could give rise to a Fourth Amendment claim. Moore, 168 F.3d at 235-37.

In this case, however, plaintiff does not claim that a female officer conducted the search, but only that females were present at the time of the search. The Fifth Circuit has held that these circumstances do not give rise to a constitutional violation. Letcher v. Turner, 968 F.2d 508, 510 (5th Cir. 1992) (per curiam) ("there is no basis for [plaintiff's] claim of a constitutional violation due to the presence of female guards during the strip search"); Tasby v. Lynaugh, 123 F. App'x 614, 615 (5th Cir. 2005) (per curiam) (unpublished) (strip searches carried out in nonsecluded areas of the prison and in the presence of prison employees of the opposite sex are not unconstitutional); see also Roden v. Sowders, 84 F. App'x 611, 612 (6th Cir. 2003) (per curiam) (unpublished) (there was no Fourth Amendment violation where a male inmate was searched in front of a female sergeant who laughed at him). Thus, the fact that members of the opposite sex were present during the searches does not give rise to a Fourth Amendment claim. Accordingly, it is respectfully recommended that plaintiff's Fourth Amendment claim be dismissed.

**2.     The Eighth Amendment does not provide a claim for plaintiff.**

Plaintiff maintains that the strip searches violated his right to be free from cruel and unusual punishment under the Eighth Amendment. However, the Fifth Circuit has refused to extend the Eighth Amendment to strip searches. Moore, 168

F.3d at 237; see also Oliver, 275 F. 3d at 743 n.9 (noting that the Fifth Circuit has "refused to extend the Eighth Amendment to strip searches") (citing Moore).

Thus, plaintiff's challenge to the strip searches pursuant to the Eighth Amendment fails to state a claim. Accordingly, it is respectfully recommended that plaintiff's Eighth Amendment claim be dismissed.

### 3. The due process clause of the Fourteenth Amendment does not provide a claim for plaintiff.

Plaintiff argues that the strip searches violate his due process rights, arguing that such intrusive government action mandates notice and a hearing. However, in Sandin v. Connor, 515 U.S. 472, 483-84 (1995), the Supreme Court held that due process protections do not attach to every change affecting a prisoner, but only those that impose an "atypical and significant hardship" in relation to the ordinary incidents of prison life. The Fifth Circuit has concluded that state prisoners have no protected liberty interest to be free from an order to strip in public or to submit to a strip search. Samford v. Staples, 249 F. App'x 1001, 1004 (5th Cir. 2007) (per curiam) (unpublished).

Moreover, to the extent that plaintiff claims the strip searches were not conducted pursuant to prison policy or procedures, he fails to raise a constitutional violation for purposes of § 1983. See Myers v. Klavenhagen, 97 F.3d 91, 94 (5th Cir. 1996) (determining in the context of a § 1983 action that "a prison official's

failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process").

Thus, plaintiff's claim that the strip searches violated his Fourteenth Amendment rights is without merit. Accordingly, it is respectfully recommended that plaintiff's Fourteenth Amendment claim be dismissed.

### 4. The investigation of the grievances does not provide a claim for plaintiff.

Plaintiff has sued V.L. Brisher and Barbara Trevino alleging that they denied his grievances, thus allowing prison officials to continue ordering strip searches.

To the extent plaintiff is arguing that these defendants failed to properly investigate his grievances, these allegations, even if true, fail to state a viable claim because a prisoner has no constitutional right to have his grievances investigated or answered favorably. See Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause"); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("the constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state").

Thus, plaintiff's allegations against defendants Brisher and Trevino fail to state a constitutional violation. Accordingly, it is respectfully recommended that

plaintiff's claim regarding the investigation of his grievances be dismissed.

## IV. RECOMMENDATION

Plaintiff's objections to the strip and cavity searches as well as the investigation of his grievances fail to raise valid constitutional violations. Accordingly, it is respectfully recommended that plaintiff's claims against defendants be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

Respectfully submitted this 10th day of November 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Rule 72(b) of the Federal Rules of Civil Procedure, and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).