UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARVIN WADDLETON, III, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:10-CV-267 |
| § | |
| NORRIS JACKSON, *et al*, § | |
| § | |
| Defendants. § | |

**ORDER DENYING PLAINTIFF'S
MOTION TO FILE CRIMINAL COMPLAINT**

Pending is a motion filed by Plaintiff titled "Motion to File Criminal Complaint of Obstruction of Justice Perjury." (D.E. 127). Having considered the motion, and for the reasons set forth below, the motion is DENIED.

By Order and Final Judgment entered October 24, 2012, this Court dismissed with prejudice Plaintiff's § 1983 claims challenging strip and visual cavity searches conducted by defendant prison officials. (D.E. 104, 105). On January 22, 2014, by judgment issued as mandate, the Fifth Circuit affirmed the dismissal with prejudice of Plaintiff's Fourth Amendment claims. (D.E. 123, 124). On June 9, 2014, the United States Supreme Court denied Plaintiff's petition for a writ of certiorari. (D.E. 126).

On October 24, 2014, Plaintiff filed the pending motion. (D.E. 127). Plaintiff argues that, because this Court granted summary judgment in favor of Defendants, he was denied the opportunity to present his claim at trial or to question the validity of Defendants' summary judgment evidence. (D.E. 127, p. 1). Plaintiff argues the affidavits presented by Defendants were "false" and caused an obstruction of justice, and

had the truth been revealed, the outcome of his case would have been different. Despite his labeling of the motion as one to file a criminal complaint, Plaintiff is effectively seeking relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge or release of the judgment. Fed. R. Civ. P. 60(b)(1)-(5). In addition, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds; relief will be granted only if "extraordinary circumstances" are present. *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). Rule 60(b) is not to be used as a substitute or alternative to appeal. *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1042 (5th Cir. 1987). Such a motion must be made within one year after entry of judgment for reasons (1), (2), and (3), and otherwise, within a reasonable time. Fed. R. Civ. P. 60(b).

In his Rule 60(b) motion, Plaintiff contends the affidavits submitted by Defendants in support of their summary judgment motion were false. However, Plaintiff raised this same argument in his objection to the recommendation to grant summary judgment. (D.E. 103). Thereafter, he had the opportunity to raise these same claims on appeal to the

Fifth Circuit and again in his petition for a writ of certiorari. Plaintiff has no credible evidence to support his conclusory allegations that the affidavits made by Defendants in support of summary judgment were false, and there is no other valid Rule 60(b) basis to grant relief from judgment.

Accordingly, Plaintiff's Motion to File Criminal Complaint of Obstruction (D.E. 127), construed as a Rule 60(b) motion for relief from judgment, is DENIED. To the extent Plaintiff seeks to complain of alleged criminal activity, he must contact the District Attorney or Office of the Inspector General. Plaintiff is instructed that he may not file any additional pleadings under this case number without first obtaining leave of court.

ORDERED this 7th day of November, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE